977 So.2d 662 (2008)
Florence M. SLUSSER, by and through Brian SLUSSER, Plenary Guardian, Appellant,
v.
LIFE CARE CENTERS OF AMERICA, INC. a/k/a Life Care Centers of America, Inc. of Tennessee, Forrest L. Preston, John L. Morris, Eleanor Heaton and Alison Graziani (as to Life Care Center of Port St. Lucie), Appellees.
No. 4D07-2906.
District Court of Appeal of Florida, Fourth District.
February 20, 2008.
Rehearing Denied April 16, 2008.
Isaac R. Ruiz-Carus, Bennie Lazzara, Jr., and Blair N. Mendes of Wilkes & McHugh, P.A., Tampa, and Susan B. Morrison of the Law Office of Susan B. Morrison, P.A., Tampa, for appellant.
Kirsten K. Ullman of Ullman, Bursa, Hoffman & Ragano, LLC, Tampa, for appellees.
DAMOORGIAN, J.
Florence Slusser appeals an order compelling arbitration in a negligence action brought against Life Care Centers of America ("Life Care"), a nursing home. We affirm and hold that an agreement that provides for arbitration of claims brought under the Nursing Home Residents Act, chapter 400.023, et seq., Florida Statutes (2005), is not unconscionable simply because it waives access to the courts to resolve claims arising under the Act. See Richmond Healthcare, Inc. v. Digati, 878 So.2d 388, 390 (Fla. 4th DCA 2004).
By way of background, Slusser checked herself into a nursing home owned by Life Care. During the admission process, Slusser executed an agreement to arbitrate all disputes and claims between the parties. While at the nursing home, Slusser was injured and sued Life Care in the circuit court for negligence. Life Care timely moved the trial court for an order compelling arbitration under the terms of the arbitration agreement. The trial court granted Life Care's motion. This appeal follows.
In Digati, we held that a court does not have the power to decline to enforce an arbitration agreement simply because it waives access to the courts to resolve claims arising under Act. Digati, 878 So.2d at 390. Notwithstanding our holding in Digati, Appellant argues that, because the Act was passed as a valid exercise of the legislature's police power, access to the courts cannot be waived. Appellant cites as authority only the concurring opinion in Blankfeld v. Richmond Health Care, Inc., 902 So.2d 296, 301 (Fla. 4th DCA 2005) (en banc) (Farmer, J., concurring). We do not agree with that argument.
Had the legislature intended to stop parties from arbitrating their claims under the Act, it would have created an express prohibition. It did not do so. We therefore conclude that a voluntary waiver of access to the courts to resolve claims arising *664 under the Nursing Home Residents Act is valid. Digati, 878 So.2d at 390.
Affirmed.
KLEIN and HAZOURI, JJ., concur.